IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Janet Rendon, Independent Administrator of the Estate of Carol Czubernat, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 10-CV-1410 |
| v. | ) ) | |
| Wexford Health Sources, Inc., et al., | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues federal and state claims arising from the suicide of Carol Czubernat in Dwight Correctional Center on February 28, 2009. On May 5, 2011, this Court entered a Report and Recommendation, recommending in relevant part the denial of motions to dismiss by three of the defendants—Amy Ray, Argosy Education Group, Inc., and Wexford Health Sources, Inc.. (d/e 131). Objections to that Recommendation are pending.

Now before the Court is a motion to dismiss by Defendant Dr. Yuan, which the Court recommends also be denied.

## Legal Standard

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  The "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'"  Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955.  Plaintiffs must do more than "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing

some specific facts to ground those legal claims, . . . ." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).  The application of the notice pleading standard is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009), *quoting* Iqbal, 129 S.Ct. at 1950.

**Allegations Relevant to Dr. Yuan**

The allegations were set forth in detail in the Court's prior Recommendation.  In short, Carol Czubernat was allegedly denied psychiatric medicine and treatment during her incarceration in Dwight Correctional Center, despite her pleas for help, causing her mental health to spiral downward until she committed suicide on February 28, 2009.

Dr. Yuan is a psychiatrist employed by Wexford Health Source, Inc., who was allegedly working at Dwight Correctional Center during the relevant time.  Plaintiff alleges that Czubernat sent a letter to Dr. Yuan at the prison's health care unit on February 20, 2009, stating:

> I have a long history of severe depression and anxiety and panic attacks . . .I am not handling it in here at all.  I cry uncontrollably every night.  I am having major panic attacks and my depression is soaring out of control.  I cannot sleep, my heart and mind are racing all day.  I have constant heart palpitations. . . Please help me so that I can be put back on my psych meds . . . I really need to see a doctor . . .

(d/e 98, Second Amended Complaint, ¶ 49). This letter was allegedly returned to Czubernat with a notation stating, "Your meds were bridged on February 19, 2009. You will be scheduled with a doctor for follow-up very soon." (d/e 98, ¶ 50).

Czubernat allegedly wrote again to Defendant Dr. Yuan on February 25, 2009, stating that she had still not received her medicine and that she was

> seriously in need of something to help with this anxiety and the panic attacks as well as depression . . . The Seg Unit is killing me . . . I am not doing well at all. I am going to lose my mind. Please come to see me. I am shaking constantly. I am unable to sleep . . . Please help me! I can't take it much longer in here. Please get me my meds.

(d/e 98, ¶ 51).

She sent two more letters seeking help on February 26, 2009. The first stated that she had still not received medication and needed "to see a doctor [i]mmediately!" (d/e 98, ¶ 52). The second was addressed to Dr. Yuan and acknowledged that she had just received some Cymbalta, but that it was not enough for her panic attacks:

> the Seg lock down is driving me over the edge...I'm losing my mind. I'm ready to have a nervous breakdown, I just found out I might have to stay here another two months. I won't make it! I am experiencing panic attacks EVERY DAY-SEVERAL TIMES A DAY PLEASE HELP ME. I need something to calm my nerves. I cry uncontrollably every night. I can't sleep . . . .

> Please come see me so that we can discuss my situation! Or please add my Trazadone or Kolonapin [sic] to my medication. . . I cannot handle this situation. I am shaking constantly, my heart and mind is racing, I am having palpations [sic] in my chest. I need something in addition to Cymbalta. Please do not ignore my problem.

(d/e 98, ¶ 54)(capitals in Amended Complaint).

On February 27, 2009, Czubernat allegedly sent another request for help to Dr. Yuan. This one stated:

> **URGENT PLEASE COME SEE ME!** This current situation in [s]eg has caused me to start having panic attacks. I'm shaking constantly, my hands and legs. My heart is racing. My thoughts are racing. This is an unbearable situation . . . I cannot take the turmoil. Please doctor, help me I am going crazy in here . . .The Cymbalta is not enough. Please help me, this is very urgent.

(d/e 98, ¶ 55)(capitals and bold in Amended Complaint).

On February 28, 2009, at about 4:47 a.m., Czubernat was found in her cell, hanging from her bunk. (d/e 98, ¶ 72). The February 25-27 letters "were never processed and were found in the mental health mailbox on March 2, 2009 . . . ." (d/e 98, ¶ 56).

## Analysis

The only count specifically against Dr. Yuan is Count X, an Eighth Amendment claim pursuant to 42 U.S.C. § 1983, in which Dr. Yuan and Dr. Funk are named as defendants in their individual capacities. The count

alleges that Drs. Yuan and Funk deliberately ignored a high risk that Czubernat would hurt herself.  (d/e 98, ¶¶123-124).

Dr. Yuan contends that the allegations are not enough to infer that he was deliberately indifferent or that he bears personal responsibility for the alleged violations.  Dr. Yuan argues that Plaintiff fails to allege that he was aware of the Czubernat's letters or any risk to her, or that he was responsible for her care.

Deliberate indifference to a substantial risk of suicide violates a prisoner's Eighth Amendment right to be free from cruel and unusual punishment.  "Deliberate indifference" is more than negligence or gross negligence.  Matos ex rel. Matos v. O'Sullivan, 335 F.3d 553, 557 (7th Cir. 2003).  Deliberate indifference in the suicide context means that the defendant "subjectively knew that [the plaintiff] was at substantial risk of committing suicide and that . . . [the] defendant intentionally disregarded that risk."  Id.  A defendant cannot be deliberately indifferent if he was not "personally responsible" for the constitutional violation.  That is, he must have known about the misconduct and participated in it, directed it, approved it, facilitated it, or knowingly turned a blind eye to it.  Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010); Knight v. Wiseman, 590 F.3d 458, 462 (7th Cir. 2009).

In the Court's opinion, the allegations give rise to a plausible inference of deliberate indifference and personal responsibility against Dr. Yuan.  Plaintiff sent several urgent letters addressed directly to Dr. Yuan, a psychiatrist working at Dwight Correctional Center.  The content of the letters allows a plausible inference of the existence of a substantial risk that Plaintiff would harm herself.  Dr. Yuan's position as a psychiatrist working at Dwight allows a plausible inference that he either saw or was otherwise informed of the content of those letters, and that he was responsible for Plaintiff's psychiatric care.  A plausible inference also arises from his position and training that he had the authority and expertise to do something to alleviate the risk Czubernat faced.  The Court believes that these allegations are sufficient to give notice of the claim against Dr. Yuan and show its plausibility, which is all Plaintiff must do at this point.  Further, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Dr. Yuan's current arguments belong at summary judgment after the factual record is developed.

Dr. Yuan also argues that Count X should be dismissed to the extent it pursues a state negligence claim, because Plaintiff's 735 ILCS 5/2-622 does not mention Dr. Yuan by name. (d/e 129, p. 7).  However, it is clear

from reading Count X that it does not pursue a state negligence claim, and Plaintiff confirms this in her response. (d/e 132, p. 3). Thus there is no negligence claim against Dr. Yuan in Count X.[1]

WHEREFORE THE COURT RECOMMENDS THAT Dr. Yuan's motion to dismiss be denied (d/e 128).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: May 31, 2011

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[1] Dr. Yuan's actions and inactions may be relevant to the negligence claims against his employer Wexford Health Sources, Inc., but those claims are against Wexford, not Dr. Yuan.