IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JANET RENDON, Independent Administrator of the Estate of Carol Czubernat,<br><br>Plaintiff,<br><br>-vs-<br><br>WEXFORD HEALTH SOURCES, INC., ARGOSY EDUCATION GROUP, INC., AMY RAY, Ph.D., ANGELA WRIGHT, KIMERI SHULL, CYNTHIA PETERSON, PATRICK MCELROY, ARTHUR FUNK, M.D.,<br><br>Defendants.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>Respondent. | No. 10-cv-1410 |

## OPINION

**BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:**

Before the Court is Plaintiff's Motion to Enforce Settlement (d/e 191) and Defendants Angela Wright, Kimeri Shull, Patrick McElroy, and Cynthia Peterson's Response (d/e 193). As background, the undersigned mediated a settlement between Plaintiff and three groups of Defendants. Full settlement was reached on January 10, 2013 (see d/e 179).

Thereafter, certain documents were filed to finalize the mediated settlement (see d/es 180-184, 187, 190). Thereafter, to close the litigation, Plaintiff filed

Stipulation to Dismiss (d/e 185) which stated Plaintiff "dismisses this cause of action with prejudice".   The Court, on January 30, 2013, entered a Text Order allowing Stipulation (d/e 185) and dismissed the case with prejudice as Plaintiff requested.

Plaintiff now complains in Motion (d/e 191) that Defendants Angela Wright, Kimeri Shull, Patrick McElroy, and Cynthia Peterson (the State of Illinois Department of Corrections employees) have failed to make a "timely" payment of the agreed settlement between Plaintiff and those Defendants and seeks this Court's assistance.   The State Defendants' Response (d/e 193) acknowledges that "The Defendants fully intend that payment will be made, but lack any ability to say when the payment will be made."

The legal dilemma Plaintiff faces with Motion (d/e 191) is that the dismissal with prejudice requested by the Plaintiff's Stipulation (d/e 185) and allowed by the Court divested this Court with jurisdiction to enforce the settlement.[1]   See Jessup v. Luther, 277 F.3d 926, 929 (7th Cir., 2002).   "[O]nce a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal."

---

[1] A "conditional" dismissal request and order would have avoided Plaintiff's dilemma. Therein, in the dismissal order, the Court would retain jurisdiction to enforce the mediated settlement and the case would be dismissed without prejudice with leave to reinstate on or before a date certain for the purpose of enforcing the settlement. In the event a motion to reinstate is not filed on or before the foregoing date, the dismissal will be with prejudice.

WHEREFORE, Plaintiff's Motion to Enforce Settlement (d/e 191) is DENIED.   THIS CASE REMAINS CLOSED.

ENTERED:   April 4, 2013

>  _____*s/ Byron G. Cudmore*_____
>  BYRON G. CUDMORE
>  UNITED STATES MAGISTRATE JUDGE